UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERICA CHRISWELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 00861 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| BIG SCORE ENTERTAINMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff Erica Chriswell brought this *pro se* suit against Defendant Big Score Entertainment, alleging that Big Score infringed upon her trademark "Eryka Kane" by promoting the homophonously-named artist, Arika Kane.[1] Big Score now moves to dismiss Chriswell's complaint on the theories that (1) the complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6); (2) Chriswell failed to disclose certain assets in her *in forma pauperis* petition; and (3) dismissal is warranted based on a prior pending action in the U.S. District Court for the District of Connecticut. As the Court stated at the last status hearing on August 9, 2012, Chriswell's *pro se* complaint articulates a trademark infringement claim with sufficient detail to meet the pleading requirements of Rule 8(a)(2). R. 48. Accordingly, Big Score's motion to dismiss is denied with respect to Rule 12(b)(6), and this opinion will only address the Defendant's second and third theories for dismissal. For the reasons explained in further detail below, Big Score's motion to dismiss [R. 44] is denied.

---

[1]This Court has jurisdiction under 28 U.S.C. § 1331.

I.

Plaintiff Erica Chriswell D.B.A. Eryka Kane is a performance artist who has operated under the trademarks "Ms. Kane," "Erika Kane," "Eryka Kane," "Ms. Eryka Kane," and "Twista" since 1999. R. 11, Compl. at 2; R. 49, Pl.'s Resp. Br. ¶ 6. Chriswell's work has appeared in several albums, the combined sales of which has totaled (she alleges) over 1,750,000 singles. Pl.'s Resp. Br. ¶ 6. Moreover, she has owned and controlled all rights to the name and goods associated with the "Eryka Kane" trademark since at least January 1, 1999. *Id.* ¶ 7.

On April 26, 2010, Chriswell applied to register the mark "Eryka Kane" with the U.S. Trademark and Patent Office (USPTO). *Id.* ¶ 8. Although her application was approved on August 7, 2010 with "no conflicting marks," she was notified one month later that a prior pending application had been filed by the Defendant, seeking to register the mark "Arika Kane." *Id.* Upon learning of the other mark, Chriswell filed a Motion of Opposition before the USPTO's Trademark Trial and Appeal Board on February 23, 2011. *Id.* In December 2010, Big Score commenced a trademark infringement action against Chriswell in the U.S. District Court for the District of Connecticut ("Connecticut Action"). R. 44-1, Def.'s Mot. Dismiss at 5. The initiation of the Connecticut Action led to a suspension of the Opposition Proceeding in the USPTO. Pl.'s Resp. Br. ¶ 8.

In February 2011, Chriswell filed a complaint with this Court, asserting a mirror-image trademark claim against Big Score for allegedly infringing on the same mark in question in the Connecticut Action. Def.'s Mot. Dismiss at 5. The Court

2

granted Chriswell's petition to proceed *in forma pauperis* in light of the sworn affidavit she submitted explaining her financial status, but denied her request for appointment of counsel. R. 10, Jan. 30, 2012 Minute Entry. Big Score now moves to dismiss Chriswell's complaint.

## II.

Big Score advances two theories for dismissal that the Court must address here[2]: first, that dismissal is required because Chriswell failed to disclose certain assets in her *in forma pauperis* petition; and second, that dismissal is warranted based on the prior pending Connecticut Action and the "first-to-file" rule.

## A.

Big Score first argues that Chriswell's complaint must be dismissed because she omitted certain assets in her *in forma pauperis* petition. Specifically, Big Score asserts that Chriswell failed to disclose the fact that she owns "an additional single family home in Georgia," and that she is represented by counsel in the pending USPTO Opposition Proceeding. Def.'s Mot. Dismiss at 3. Big Score further suggests that Chriswell must be hiding certain assets from the court in light of her allegations that she has sold over 1.7 million records. *Id.* at 3-4.

Under 28 U.S.C. § 1915(a)(1), a court may allow an indigent plaintiff to file a lawsuit without prepaying the required fees if the plaintiff submits an affidavit with

---

[2] As mentioned above, Big Score also moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), but that portion of the Defendant's motion is denied for the reasons stated in open court on August 9, 2012.

a statement of her assets and attests that she is too poor to pay. 28 U.S.C. § 1915(a)(1)). Big Score is correct that the Court would be required to dismiss Chriswell's case under 28 U.S.C. § 1915(e)(2)(A), if her allegations of poverty are untrue, but as explained below, that has not been proven here.

Big Score contends that Chriswell omitted the fact that, although she resides in a home in Burbank, Illinois, she owns "an *additional* single family home in Georgia." Def.'s Mot. Dismiss at 3 (emphasis added). This suggests that Chriswell's ownership of the Georgia home is in addition to her current place of residence. But Chriswell has never claimed to own her current residence in Burbank, Illinois. Nor has she attempted to conceal her ownership of the Georgia home located at 3834 Walnut Path in Lithonia, Georgia. Indeed, Chriswell's supplemental affidavit in support of her *in forma pauperis* application plainly discloses that she recently purchased a home in Georgia valued at approximately $85,000, but that she has no equity in it. *See* R. 9, Pl.'s Aff. at 2. Big Score's independent investigation by Jennifer Clark and attached exhibits do not controvert these facts. For instance, the real estate assessment of Chriswell's current home at 8046 Narragansett Avenue in Burbank, Illinois does not reveal that Chriswell owns the property in question. *See* R. 44-2, Def.'s Exh. C. Rather, the document only reveals that the house was last sold in December 2005 for $189,000, and is currently valued at $298,444. Big Score's numerous exhibits describing Chriswell's home in Georgia is similarly unavailing, since they merely corroborate Chriswell's statements that she recently bought the home, and that it is valued at about $85,000. *See* R. 44-2, Def.'s Exhs. D-F.

Big Score also argues that Chriswell misrepresented her financial status because she is being represented by counsel in the pending USPTO proceeding. That Chriswell has retained counsel for her USPTO proceeding may be loosely probative of her ability to pay, but does not prove that she made false allegations of indigence. There are a number of ways in which an attorney can be retained without the client paying up front for legal services. Thus, dismissal is not warranted on these grounds alone, but the Court orders Chriswell to file a sworn affidavit explaining whether and how she is compensating her attorney in the pending USPTO proceeding, and if so, how much has been paid by fees.

Finally, Big Score suggests that Chriswell must be concealing assets given that she has sold over 1.7 million records. Chriswell's alleged record sales do not controvert any of the statements made in her affidavit. Indeed, the Court initially questioned whether Chriswell could really be indigent in light of her record sales, and requested that Chriswell supplement her *in forma pauperis* petition with a sworn affidavit explaining her financial status. R. 8, Apr. 13, 2011 Minute Entry. Chriswell explained in her affidavit that she "has made no money from record sales." Pl.'s Aff. at 1. There is nothing about Chriswell's record sales that contradicts her affidavit. Accordingly, the Court finds that dismissal is not warranted because Big Score has not demonstrated that Chriswell actually lied about her financial status in her *in forma pauperis* petition. This finding, of course, is based on the current state of the record. Big Score is authorized to take discovery on this issue as the case moves forward, and perhaps

discovery will shed further light on the truthfulness of the *in forma pauperis* application.

**B.**

Big Score next contends that Chriswell's complaint must be dismissed based on the prior pending lawsuit in Connecticut federal court and the "first-to-file" rule. A federal court has a great deal of latitude and discretion to dismiss a suit for reasons of wise judicial administration. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). Generally, when mirror-image lawsuits are filed in two federal district courts, the first case takes priority. *See Natural Gas Pipeline Co. of Am. v. Union Pac. Res. Co.*, 750 F. Supp. 311, 313 (N.D. Ill. 1990). However, the Seventh Circuit has never adhered to a rigid "first-to-file" rule. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987). Instead, there is a rebuttable presumption that the first case that establishes jurisdiction should be allowed to proceed, and the second case be dismissed. *Asset Allocation & Mgmt. Co. v. Western Emp'rs Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989). "The plaintiff bears the burden of showing a compelling circumstance or imbalance of convenience to overcome the presumption that the second-filed case should be dismissed in favor of the first-filed case." *Inforizons, Inc. v. Ved Software Servs., Inc.*, 204 F.R.D. 116, 120 (N.D. Ill. 2001). Such circumstances can be shown if it can be demonstrated that jurisdiction is not obtainable. *See Asset Allocation*, 892 F.2d at 573; *Colborne Corp. v. MC Retail Foods*, 1995 WL 470226, at *1 (N.D. Ill. Aug. 7, 1995). Thus, where there is a pending motion to dismiss or transfer for lack of jurisdiction in the first-filed forum, dismissal of the

second case should be denied as premature. *See, e.g., Caccamo v. Greenmarine Holdings LLC*, 2001 WL 668929, at *2 (N.D. Ill. June 14, 2001). In *Schnadig Corp v. Collezione Europa USA*, 2001 WL 766898 (N.D. Ill. July 5, 2001), the court denied defendant's motion to dismiss as premature because the jurisdiction of the court in the first-filed suit was in question on a pending motion to dismiss. *Id.* at *1. Without the other court's ruling on the jurisdictional issue, the court reasoned, it would be unable to determine if the "first-to-file" rule should be followed. *Id.*

Here, the Connecticut Action is the first-filed suit and, absent a showing of compelling circumstances or an imbalance of convenience by Chriswell, it should proceed under the "first-to-file" rule. *Inforizons*, 204 F.R.D. at 120. However, Chriswell, the defendant in the Connecticut Action, filed a motion to quash in the Connecticut Action in May 2012, in which she challenged the Connecticut court's jurisdiction over her. Def.'s Mot. Quash, *Big Score Entm't, LLC v. Chriswell*, 10-CV-01993-CSH (D. Conn. May 11, 2012), R. 32. Because the motion raised an issue of personal jurisdiction, the Connecticut court construed it as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). *See id.* at R. 40, Order June 20, 2012. As it turns out, however, the Connecticut court decided to transfer the action to this District under 28 U.S.C. § 1404(a). *See Big Score Entm't, LLC v. Chriswell,* 13 C 00211 (N.D. Ill.), R. 49 at 6-7. So really the question now is whether the cases should be reassigned to the same Northern District of Illinois judge, not whether to dismiss this case (it may be proper, if and when the cases are reassigned, to terminate one or the other case so that only one case receives all the filings). Thus, dismissal under the "first-to-file" rule is

premature. This conclusion is further supported by the fact that Chriswell has not filed a counterclaim for trademark infringement against Big Score in the other action, which leaves that action ill-positioned to adjudicate fully both parties' trademark rights. Accordingly, Defendant's motion to dismiss based on the "first-to-file" rule is denied as premature.

### III.

Lastly, Big Score argues in its reply brief that Chriswell received legal assistance in drafting her opposition to the motion to dismiss, and urges the Court not to give Chriswell the deference that is otherwise afforded to *pro se* litigants. R. 50, Def.'s Repl. Br. at 5. The Court has its own suspicions that Chriswell enlisted the help of a lawyer or someone with legal knowledge to draft her response. Chriswell's brief contains robust legal analysis and argument that is indicative of a licensed attorney's work. This Court cautions the parties that the practice of attorneys "ghost-writing" briefs on behalf of *pro se* litigants raises serious issues of professional misconduct, and has been condemned by several other courts. *See, e.g., Ricotta v. California*, 4 F. Supp. 2d 961, 987 (S.D. Cal. 1998) ("Attorneys cross the line . . . when they gather and anonymously present legal arguments, with the actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court. With such participation the attorney guides the course of litigation while standing in the shadows of the Courthouse door."). This is because such conduct circumvents the requirements of Federal Rule of Civil Procedure 11, which obligates members of the bar to sign all documents submitted to the court, and to personally represent that there

are grounds to support the assertions made in each filing. *Johnson v. Bd. of County Comm'rs for Cnty. of Fremont*, 868 F. Supp. 1226, 1231-32 (D. Colo. 1994). Ghost-written briefs also raise issues of fundamental fairness. Federal courts are generally required to give *pro se* litigants greater latitude than litigants who are represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, it would be patently unfair for a *pro se* litigant to benefit from the less stringent standard applied to *pro se* litigants if, in fact, she is receiving substantial behind-the-scenes assistance from counsel. *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997).

The Court agrees with its sister courts that the practice of "ghost-writing" briefs for *pro se* litigants is unethical and will not be permitted. Even assuming, however, that Chriswell did receive legal assistance in drafting her response, that is not sufficient basis for denying her deference with respect to her *pleadings*. Indeed, there is no question (and Defendant does not dispute) that Chriswell's complaint was drafted by the Plaintiff herself. Accordingly, for purposes of considering a motion to dismiss, Chriswell's complaint should still be construed with the latitude afforded to all *pro se* litigants.

In conducting its own independent research into the issue, the Court found no cases in which a court, on the basis of finding that a *pro se* litigant's briefs had been ghost-written by an attorney, granted a motion to dismiss. At most, courts have considered disciplinary proceedings and sanctions, *Laremont-Lopez*, 968 F. Supp. at 1079-80, refused to accept the plaintiff's complaint, *Thigpen v. Banas*, 2010 WL

520189, at *2 (N.D. Ill. Feb. 11, 2010), or ordered the *pro se* plaintiff to disclose the identity of the person who had been assisting her in drafting her pleadings. *Johnson v. City of Joliet*, 2007 WL 495258, at *3 (N.D. Ill. Feb. 13, 2007). Accordingly, dismissal of Chriswell's complaint on the basis of alleged "ghost-writing" is not warranted here. The Court does order Chriswill, however, to file a sworn affidavit (1) disclosing whether she has received legal assistance from an attorney or someone with legal knowledge; and if so, (2) revealing the identity of the person who has been assisting her with her briefs.

### IV.

For the reasons stated above, the Big Score's motion to dismiss [R. 44] is denied. As discussed in Sections II(A) and III, Plaintiff is ordered to file a sworn affidavit on or before February 8, 2013, explaining (1) how she is compensating her attorney in the pending USPTO proceeding; and (2) disclosing who, if anyone, has been assisting her in drafting her briefs.

ENTERED:

*Edmond E. Chang*
Honorable Edmond E. Chang
United States District Judge

DATE: January 28, 2013

10